Kimberly J. FERGUSON,
Plaintiff–Appellant

v.

BAYERISCHE MOTOREN WERKE,
A.G.; BMW of North America, Inc.,
Defendants–Appellees.

No. 88–7715.

United States Court of Appeals,
Eleventh Circuit.

Aug. 10, 1989.

Ralph E. Coleman, Birmingham, Ala., Carl Ray Robinson, Bessemer, Ala., for plaintiff-appellant.

Michael C. Quillen, Cabaniss, Johnston, Gardner, Dumas & O'Neal, Samuel M. Hill, Birmingham, Ala., for defendants-appellees.

Before HILL and COX, Circuit Judges, and SNEED *, Senior Circuit Judge.

HILL, Circuit Judge.

This case arises out of a single vehicle accident involving a 1981 BMW 320i, manufactured by Bayerische Motoren Werke, A.G. and distributed by BMW of North America, Inc. As a result of the accident, appellant sustained personal injuries. Appellant alleged that her vehicle was defective and not crashworthy and that the appellees violated the Alabama Extended Manufacturers Liability Act and breached implied and express warranties. Specifically, appellant alleged that her car was constructed in such a way that in a crash, the occupant might be thrown out of the car. Evidence established that the automobile was equipped with seat belts, and it was contended that appellant was not wearing her seat belt at the time of the accident. In response, the appellees alleged the affirmative defense of contributory negligence.

The case went to trial before a jury. The parties submitted written requested jury instructions, and the court held a charge conference. Appellant's requested Charge 34 stated as follows:

> The Court charges you that failure to wear a seat belt in the State of Alabama is not contributory negligence as a matter of law. *Britton v. Doehring*, 242 So.2d 666, 286 Ala. 498 (1970). (R1–65).

The appellees objected to this charge, indicating that the Alabama Supreme Court in *General Motors, Corp. v. Edwards*, 482

---

* Honorable Joseph T. Sneed, U.S. Circuit Judge    for the Ninth Circuit, sitting by designation.

So.2d 1176 (Ala.1985) had opened the door to allow defendants in crashworthiness cases to show that the plaintiff could have, but did not, wear a safety belt. Appellees also objected on the basis that the appellant's requested charge was confusing.

The district court refused appellant's requested Charge 34 on the grounds that it was confusing. The judge, however, did charge the jury on contributory negligence:

> ... If, however, you are reasonably satisfied that the plaintiff has met the burden of proving the material elements of her claim, then you will consider the affirmative defenses asserted by the defendants.
>
> Now, the defendants have raised contributory negligence as an affirmative defense. The burden is on the defendants to reasonably satisfy you from the evidence as to the truth of all the material allegations of this defense. There are three elements essential to contributory negligence in cases of this kind. They are, first, that the party charged with contributory negligence, that is, the plaintiff, one, had knowledge of the existence of a dangerous condition; two, with appreciation of such danger; three, failed to exercise care for her own safety by putting herself in the way of such known danger. Contributory negligence is negligence on the part of a plaintiff that proximately contributed to the alleged injury. Now, notice the difference between proximate cause and proximate contribution. When I say "proximately contributed," I mean it only played a part in causing the injury, even a small part. The two defendants charge that Ms. Ferguson was contributorily negligent in the use of the automobile. And, of course, if they establish by a preponderance of the evidence such a defense, it's a complete bar to any recovery at all on the part of the plaintiff from the defendants. The burden of proof is on the defendants on that plea.
>
> That's where the seat belt defense comes in. I don't know where else—I haven't tried to figure out all the different things that the defendant may consider is included in the contributory negligence defense, but a defense of failure to wear a seat belt is at least part of that defense. And the burden is on the defendants to establish that defense by a preponderance of the evidence, just as the burden is on the plaintiff to establish all of the material elements of her various claims. She doesn't need to prove all the claims she's made. She's made three, and if she can win on one of them, then she can receive a verdict.... If she does establish at least one of those, then you consider the question of the affirmative defense. And if you decide against the defendants on that, then you would proceed to determine damages. You only get to the affirmative defense if you first decide that the plaintiff has established at least one of those three claims. If the plaintiff has, in your judgment, established one of those three claims, at least one, then you move on to the affirmative defense. If you rule with the defendant there, the case is over. If you rule against the defendant there, you move on to the question of damages. (R2–32–35).

At the close of the jury charge, appellant renewed her objection that requested Charge 34 was not given. The objection was overruled. The jury returned a verdict for the appellees. Appellant filed a motion for new trial which was denied.

On appeal, appellant argues that the district court erred in refusing appellant's requested Charge 34 on the issue of contributory negligence and in giving the particular charge that it did on that issue. First, we will address the district court's refusal of appellant's requested Charge 34.

█ The district court found that Charge 34 was confusing. We agree. This charge could be read to mean that under Alabama law, failure to wear a seat belt can never amount to contributory negligence. Or, the charge could be read to mean that under Alabama law, failure to wear a seat belt may, under certain conditions, be found by the jury to constitute contributory negligence, but is not contributory negligence per se. Because this charge is susceptible to more than one meaning, we

find that the district judge was correct in refusing to give it. In addition, because no trial transcript was furnished to this court, we cannot say that the case was not tried in such a way that this requested instruction should not have been given.

■ Appellant also argues that the district judge's instruction on contributory negligence was contrary to the law of Alabama. Because defense counsel did not object to the contributory negligence instruction as given by the district court,[1] the proper standard of review under Fed.R. Crim.P. 52(b) is whether the trial judge committed plain error. *United States v. Solomon,* 856 F.2d 1572, 1575 (11th Cir. 1988), *cert. denied,* — U.S. ——, 109 S.Ct. 1352, 103 L.Ed.2d 820 (1989). "Plain error consists of error which, when examined in the context of the entire case, is so obvious that failure to notice it would seriously affect the fairness, integrity and public reputation of judicial proceedings." *United States v. Russell,* 703 F.2d 1243, 1248 (11th Cir.1983). As noted above, no trial transcript was furnished to this court. However, after a careful review of the pleadings, the transcript of the charge conference, the jury instructions and all objections, the briefs of the parties and counsels' arguments, we find that the district court did not commit plain error in charging the jury on the issue of contributory negligence.

Having found no error by the district court, we AFFIRM.

---

1. Defense counsel merely objected again to the court's failure to give appellant's requested

Charge 34.